UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Aisha Sherman,

        Plaintiff

 v.

Eighth Judicial District Court, et al.,

        Defendants

Case No. 2:24-cv-00970-CDS-NJK

**Order Granting Defendants' Motions to Dismiss**

[ECF No. 12, 15, 19]

    Plaintiff Aisha Sherman brings this employment dispute against the Eighth Judicial District Court ("EJDC") and Clark County alleging discrimination, retaliation, and violations of the Americans with Disabilities Act (ADA). Compl., ECF No. 1. Both defendants separately move to dismiss the complaint. EJDC's Mot., ECF No. 12; Clark Cnty.'s Mot., ECF No. 15. EJDC argues that (1) Sherman's lack of standing and her failure to exhaust administrative remedies extinguishes this court's subject-matter jurisdiction; (2) it has Eleventh Amendment immunity from Sherman's Americans with Disabilities Act claims; and (3) Sherman failed to allege facts stating claims for retaliation under either Title VII of the Civil Rights Act or the Americans with Disabilities Act. ECF No. 12. Clark County moves to dismiss the complaint for failure to state a claim, arguing that Sherman erroneously believes Clark County is her employer. ECF No. 15. Sherman's oppositions to both motions to dismiss were due on or before September 25, 2024.[1] As of the date of this order, no oppositions—or requests for additional time—have been filed, so I grant the defendants' motions to dismiss.

---

[1] *See* ECF No. 17; *see also* Local Rule 7-2(b) (stating that the deadline to file and serve any points and authorities in response to the motion—other than summary judgment—is 14 days after service of the motion). That 14-day period is extended to the next business day if the filing deadline falls on a legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

## I. Legal Standard

Unlike a motion for summary judgment, a district court is not required to examine the merits of an unopposed motion to dismiss before granting it. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (the Ninth Circuit refused to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule). Thus, a district court may properly grant an unopposed motion to dismiss under a local rule. *Id.* at 53. Local Rule 7-2(d) provides that the failure of an opposing party to file points and authorities constitutes that party's consent to the granting of the motion. LR 7-2(d).

Before granting an unopposed motion to dismiss, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

## II. Discussion

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Sherman's claims against the EJDC and Clark County. Sherman has failed to respond to the motions to dismiss, even though an additional week has passed since the September 25, 2024, deadline. Sherman's non-compliance slows the expeditious resolution of this litigation by delaying the set briefing schedule and interferes with the court's ability to manage its docket. *T.G. v. Bd. of Trustees*, 2022 U.S. Dist. LEXIS 133058, *5 (D. Mont. July 6, 2022) ("The Court cannot manage its docket if Plaintiffs do not respond to motions. . . [t]his case [] cannot proceed if Plaintiffs fail to participate."); *see also Yourish*, 191 F.3d 983, 990 (9th Cir. 1999) ("[D]ismissal . . . serves the public interest in expeditious resolution of litigation as well as the court's need to manage its docket because Plaintiffs' noncompliance has caused the action to come to a complete halt, thereby

allowing Plaintiffs to control the pace of the docket rather than the court.") (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

The third factor also weighs in favor of dismissing Sherman's claims. There is no apparent risk of prejudice to defendants by dismissing the action at this time; indeed, defendants filed the instant motions to dismiss.

The fourth factor weighs against dismissing Sherman's claims against EJDC and Clark County. That is because public policy favors disposing of cases on their merits. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("[T]he public policy favoring resolution on the merits clearly counsels against dismissal.") (citation omitted); *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."). However, this factor is not weighty here; the Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Here, Sherman did not file a response opposing the motions, making resolution on the merits difficult, if not impossible. *Cf. Johnson v. Top Inv. Prop. LLC*, 2018 U.S. Dist. LEXIS 140051, at *17–18 (E.D. Cal. Aug. 17, 2018) ("Although public policy generally favors the resolution of a case on its merits, as here, a defendant's failure to appear and defend against a plaintiff's claims makes a decision on the merits impossible.") (citation omitted). And "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228.

Last, with respect to whether less drastic measures have been considered, the court has determined that dismissal without prejudice is proper here. *See Ash*, 739 F.2d at 496 (dismissal without prejudice is considered a lesser sanction and therefore is a "more easily justified sanction for failure to prosecute"); *see also Childers v. Arpaio*, 2009 WL 3756487 at *2 (D. Ariz., Nov. 5, 2009) (dismissal without prejudice imposed as a "less drastic sanction" compared to

3

dismissal with prejudice). By dismissing the claims against without prejudice, Sherman remains free to continue to pursue her claims, if necessary and appropriate, in a subsequent proceeding. Accordingly, because the fifth factor also weighs in favor of dismissal, and because dismissal is permitted under the local rules, I grant EJDC and Clark County's unopposed motions to dismiss.

### III.    Conclusion

It is therefore ordered that defendants' motions to dismiss **[ECF Nos. 12, 15] are GRANTED**. It is further ordered that the Eighth Judicial District Court's motion to vacate the ENE **[ECF No. 19]** and Clark County's joinder **[ECF No. 20] are denied as moot**. The Clerk of Court is instructed to enter judgment accordingly and to close this case.

Dated: October 2, 2024

_____
Cristina D. Silva
United States District Judge